```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS


SAMUEL ROBERT QUEEN,

                Plaintiff,
                                           CIVIL ACTION
      vs.                                  No. 05-3275-SAC

EDWARD McINTIRE, et al.,


                Defendants.
```

ORDER

This matter is a civil rights action filed by a prisoner in federal custody. Plaintiff proceeds pro se and seeks leave to proceed in forma pauperis.

Several motions are pending before the court, namely: defendants' motion to dismiss this action pursuant to 28 U.S.C. § 1915(g)(Doc. 32); plaintiff's motion to strike that motion (Doc. 34); defendants' motion to dismiss (Doc. 41); defendants' motion to stay this matter (Doc. 50); defendants' motion for an extension of time to file a reply to plaintiff's response to the motion to dismiss (Doc. 51); plaintiff's motion for an order to show cause (Doc. 52), and plaintiff's motion to strike defendants' response to that motion (Doc. 54).

The court has examined the record and enters the following

findings and order.

1. **Defendants' motion to dismiss pursuant to 28 U.S.C. §1915(g).**

Defendants seek a determination that plaintiff may not proceed in forma pauperis due to his filing history. Section 1915(g) of the in forma pauperis statute provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In support, defendants cite the following cases: (1) Queen v. U.S., Y-97-3677 (case dismissed for failure to exhaust administrative procedures); (2) Queen v. U.S., MJG-98-1152 (dismissed for failure to state a claim after court determined no colorable claim presented); (3) Queen v. U.S., et al., 98-2793 (4th Cir.) (appeal voluntarily dismissed by plaintiff); (4) Queen v. Battaglia, et al., 1998-cv-3568-MJG, (dismissed on defendants' dispositive motion); (5) same action, No. 00-6708, appeal dismissed as frivolous); (6) Queen v. Sheehy, et al., 1999-cv-02621 (action construed as a motion pursuant to 28 U.S.C. § 2255 and dismissed as successive); (7) Queen v. DEA, et al., 99-7564 (case procedurally terminated); (8) Queen v.

2

Warden, MJG-02-1549 (dismissed without prejudice for failure to exhaust remedies); (9) Queen v. Gallegos, 04-3465 (habeas corpus action construed as civil rights complaint and dismissed without prejudice for failure to exhaust administrative remedies); and (10) same action, 05-3016 (10th Cir.), (appeal dismissed following plaintiff's failure to submit fee or ifp motion, notice of appearance form, or brief).  Defendants ask the court to accept the cases identified (1)[dismissed for failure to exhaust], (2)[dismissed for failure to state a claim], (5)[appeal dismissed as frivolous], (8)[dismissed for failure to exhaust], and (9)[dismissed for failure to exhaust] as strikes.

The question which must be resolved is whether a dismissal without prejudice may be counted as a strike for purposes of §1915(g).

In a recent unpublished decision, the Tenth Circuit Court of Appeals held that a dismissal based upon a failure to exhaust administrative remedies may constitute a strike under § 1915(g), stating:

> Because the dismissal of the complaint was based on a failure to exhaust administrative remedies, it accrues as [the prisoner's] third strike under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).  See Day v. Maynard, 200 F.3d 665, 667 (10th Cir. 1999)("[A] dismissal without prejudice counts as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim."; Steele v. Federal Bureau of Prisons, 355 F.3d 1204,

1213 (10th Cir. 2003)("A dismissal based on lack of exhaustion ... should ordinarily be without prejudice. Nevertheless, the dismissal may constitute a strike for purposes of 28 U.S.C. § 1915(g).") Smith v. Cowman, 2006 WL 3616720, *2 (10th Cir. Dec. 13, 2006).

However, in a subsequent order, the Court of Appeals vacated that order, citing the decision of the United States Supreme Court in Jones v. Bock, ___ U.S. ___, 127 S.Ct. 910 (2007), which established that the "failure to exhaust is an affirmative defense under the PLRA, and ... inmates are not required to specially plead or demonstrate exhaustion in their complaints." Smith v. Cowman, (10th Cir. Mar. 1, 2007)[1](quoting Jones, 127 S.Ct. at 921). Although the Court of Appeals has not addressed the impact of the Jones decision on its holding that a dismissal based upon lack of exhaustion may count as a strike, it is plain that the Steele decision cited was abrogated by Jones. See Aquilar-Avellaveda v. Terrell, ___ F.3d ___, 2007 WL 646150, *2 (10th Cir. Mar. 5, 2007)(noting "our pleading requirement from Steele is no longer good law" and suggesting that a district court ordinarily should give a prisoner the opportunity to address a failure to exhaust administrative remedies).

The court is persuaded, in the absence of any other authority in the case law of this Circuit, that dismissals

---

[1] A copy of that unpublished order is attached.

4

without prejudice due to a failure to exhaust administrative remedies should not be counted as a strike under § 1915(g), as such a dismissal is based upon a procedural defect which, in many cases, may be cured by the plaintiff.  The court views such a dismissal as considerably different than a dismissal based upon the merits, such as a finding that an action is frivolous, malicious, or fails to state a claim upon which relief may be granted.  Accordingly, the court determines that plaintiff has accrued two strikes, namely, MJG-98-1152, (finding no colorable claim of negligence was presented and dismissing for failure to state a claim for relief) and 00-6708 (dismissing appeal as frivolous).  The court will grant plaintiff leave to proceed in forma pauperis, and the filing fee will be collected pursuant to 28 U.S.C. § 1915(b)(2).  The motion to stay this matter will be dismissed as moot.

**Defendants' motion to dismiss**

Defendants also seek the dismissal of this action on the ground that plaintiff failed to properly exhaust administrative remedies before commencing this action.

The Prison Litigation Reform Act (PLRA) requires a prisoner to exhaust available administrative remedies before filing a civil action.  42 U.S.C. § 1997e(a).

A federal prisoner exhausts administrative remedies by

following a four-tiered review procedure.  First, "an inmate shall ... present an issue of concern informally to staff."  28 C.F.R. § 542.13(a).  If this informal review does not resolve the matter, the prisoner must submit the complaint in writing on an approved form, Form BP-9, to the warden within twenty days of the events giving rise to the grievance.  28 C.F.R. § 542.14(a).  If the prisoner is not satisfied by that response, he must appeal within twenty days of the response to the Regional Director of the Bureau of Prisons using a Form BP-10.  28 C.F.R. § 542.15(a).  The final tier of review is appeal to the General Counsel of the Bureau of Prisons.  That appeal must be filed within thirty days of the response by the Regional Director, and the appeal must be presented on Form BP-11.  Id.

An exception exists for circumstances in which a prisoner believes a grievance is sensitive and its disclosure would jeopardize the prisoner's safety.  Such a grievance may be filed directly with the Regional Director.  If the Regional Administrative Remedy Coordinator concurs, the grievance will be processed at that level.  However, if the coordinator disagrees, the inmate will be notified in writing.  The original grievance will not be returned to the prisoner, but the prisoner may submit the remedy request to the warden and pursue the ordinary course.  28 C.F.R. § 542.15(d).

Federal prisoners are expected to use the administrative remedy procedure "in good faith and in an honest and straightforward manner." 28 C.F.R. § 542.11(b).

In this case, the defendants have presented a painstaking review of the administrative grievances filed by the petitioner and have convincingly demonstrated that he failed to properly exhaust any of the claims presented in this action.[2]

The court also finds defendants have made a persuasive showing that the affidavits submitted by the plaintiff (Doc. 48, Attach. Exs. 39-47) should be given little weight. Not only do several of these affidavits contain only typewritten signatures, all of the affidavits purportedly were signed on December 1, 2006, at locations throughout the country yet submitted together by the plaintiff from Pennsylvania on December 4, 2006. Defendants have presented evidence that many of the affiants either were not in custody or were not assigned to the facili-

---

[2] Defendants provide a detailed statement of the administrative remedies filed by the plaintiff in November and December 2004, and January, April, May, and June 2005. They show that these remedies were rejected on several grounds, including plaintiff's failure to pursue informal resolution, failure to submit the remedies at the appropriate level, and his efforts to present multiple issues in a single grievance. In several cases, plaintiff apparently failed to pursue appeals or to correct the error identified. See Doc. 42, pp. 8-14.

ties in question at that time.

Finally, although plaintiff claims he was unable to pursue administrative remedies due to the failure of staff members to provide responses, it must be noted that the regulations both encourage a prisoner to retain copies of exhibits, see 28 C.F.R. §542.14(c)(3), and provide that if a prisoner does not receive a response within the time allotted, the prisoner may consider the grievance denied.  28 C.F.R. §542.18.

After carefully considering the record, the court concludes the defendants have established that the plaintiff failed to exhaust available remedies concerning any of the claims presented in this action.  The plaintiff's assertion that he was unable to exhaust remedies is supported only by bare claims and by affidavits of dubious authenticity, and the court finds that explanation unpersuasive.  Accordingly, the court will dismiss this matter without prejudice due to plaintiff's failure to exhaust administrative remedies as required by 42 U.S.C. §1997e(a).

IT IS, THEREFORE, BY THE COURT ORDERED defendants' motion to dismiss this matter pursuant to 28 U.S.C. § 1915(g) (Doc. 32) is denied.

IT IS FURTHER ORDERED plaintiff's motion to strike that motion (Doc. 34) is denied as moot.

IT IS FURTHER ORDERED defendants' motion to dismiss (Doc. 41) is granted.

IT IS FURTHER ORDERED defendants' motion to stay this matter (Doc. 50) and motion for an extension of time to file a reply (Doc. 51) are denied as moot.

IT IS FURTHER ORDERED plaintiff's motion for an order to show cause (Doc. 52) is denied as moot.

IT IS FURTHER ORDERED plaintiff's motion to strike defendants' reply (Doc. 54) is denied.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 22nd day of March, 2007.

S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge